**In Re Fred Merle GRANT, Debtor.**

**Bankruptcy No. 386–05851–H13.**

United States Bankruptcy Court, D. Oregon.

April 21, 1987.

Elizabeth Trainor, Portland, Or., for Andersen's Dairy.

Andrew Toth-Fejel, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon Andersen Dairy's (Andersen) objection to confirmation of the debtor's chapter 13 plan. The debtor was represented by Andrew Toth-Fejel and Andersen's Dairy was represented by Elizabeth A. Trainor, of Tooze, Marshall, Shenker, Holloway & Duden.

Andersen is a creditor holding an unsecured claim. In addition, the Internal Revenue Service (IRS) and the Oregon Department of Revenue (ODR) hold large secured claims. The debtor's plan proposes that the claims of the IRS and ODR be satisfied out of the debtor's non-exempt assets first. Then, the debtor proposes that the IRS and ODR satisfy the remaining claim from the equity in the debtor's home. If this is done, the debtor's only asset would be some remaining equity in the homestead which he could totally exempt in a chapter 7 case. This would result in no dividend to creditors holding unsecured claims. Thus, the debtor argues that his plan meets the best interest test of § 1325(a)(4).

Andersen objects to the debtor's proposal. Andersen points out that if the IRS and ODR were required to satisfy their claims from the homestead (which is not exempt from the reach of the IRS and ODR), first there would be sufficient remaining non-exempt assets to return a dividend to unsecured creditors in chapter 7. Therefore, Andersen argues, the debtor's plan does not meet § 1325(a)(4).

The issue, therefore, is whether the court should order the marshalling of the debtor's assets in such a way as to defeat his homestead exemption for the benefit of creditors holding unsecured claims.

The parties admit in their memoranda that marshalling is an equitable doctrine. It is axiomatic that "equity follows the law." *Bank of Marin v. England,* 385 U.S. 99, 110, 87 S.Ct. 274, 281, 17 L.Ed.2d 197 (1966) (Harlan, J., dissenting). Thus, where Congress has allowed states to "opt out" of the federal exemption scheme, 11 U.S.C. § 522(b), and the Oregon Legislature has declared that a debtor is entitled to a homestead exemption against claims such as Andersen's, ORS 23.240, this court feels compelled to conclude that equity mandates the same result.

Accordingly, Andersen's objection will be overruled and the court will enter an order confirming the debtor's plan.

This opinion constitutes findings of fact and conclusions of law, in accordance with Bankruptcy Rule 7052. They will not be separately stated.